UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.: 2:19-CR-076 |
| v. ) | JUDGE CORKER |
| ) | |
| ) | |
| KEVIN LEE ROSEMEYER ) | |
| Also known as SAN QUINTON | |

## SENTENCING MEMORANDUM

Comes now the United States of America, by and through J. Douglas Overbey, the United States Attorney for the Eastern District of Tennessee, and files this sentencing memorandum in compliance with the Court's Order.

**Procedural History**

The Grand Jury sitting for the Eastern District of Tennessee at Greeneville returned an indictment on June 11, 2019 charging the defendant and five other co-defendants with charges related to methamphetamine trafficking.

On August 28, 2020, the defendant entered a plea of guilty to Count One of the Indictment, that is: Conspiracy to distribute fifty grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841 (a)(1),(b)(1)(A).

For the purposes of this memorandum, the agreed upon facts supporting this offense are set forth in paragraphs 8 through 15 at pages 5 through 6 of the Presentence Investigation Report dated November 5, 2020 and are incorporated herein by reference.

## Sentencing Considerations & Recommendations

The United States believes that the factual basis contained in the written plea agreement as well as in the presentence report accurately describes the defendant's involvement and participation in the use and sale of large quantities of high purity methamphetamine in and around the Cocke County area of the Eastern District of Tennessee.

The defendant is a 56-year-old male who resides in Cocke County, Tennesee. Unlike many who come before the Court, the defendant appears to have had a good childhood with both parents present and, aside from marijuana, the defendant did not begin using drugs until his mid-20s. Unfortunately, the defendant has been a user of narcotics since that time, except for six years of sobriety following treatment. The defendant reported no issues with mental health.

The defendant's conduct in this case is very troubling. The defendant, along with his co-conspirators, trafficked large quantities of methamphetamine, negatively affecting the community. The damage done is incalculable and the ramifications are still to be seen in years to come. While it is the opinion of the United States that the defendant was not a leader of this conspiracy, he was one of the more prolific offenders. The defendant sold large quantities of methamphetamine during the course of this conspiracy which began in 2016 and co-defendants reported to law enforcement that the defendant would make out of state trips to purchase methamphetamine, sometimes bringing back over a pound of methamphetamine per trip. It appears that the defendant was consistently selling methamphetamine during this conspiracy including to confidential informants. The defendant has a significant criminal history, putting him in criminal history category VI. However, many of the defendant's past convictions are for crimes that are often committed by those addicted to narcotics. Unless the defendant takes advantage of the resources provided by the

BOP while in custody and on supervised release and learn how to deal with his mental health issues and drug addictions, the defendant is at risk to reoffend. It is the hope of the United States that the defendant will take advantage of these resources and programs.

It should be noted that the defendant was at times cooperative with law enforcement although it appears that he attempted to downplay the scale on which he was operating. While the defendant's cooperation does not rise to the level needed for the United States to move the court for a downward departure or variance, the undersigned would have asked for a sentence at the top of the guideline range without it.

The presentence report prepared by U.S. Probation establishes that the Defendant has a criminal history category of VI and a total offense level of 27 with a guideline range of 130 to 162 months. The statutorily minimum required sentence for Count One is 10 years. After considering the defendant's significant, high volume involvement in this conspiracy but also his cooperation with law enforcement, the United States believes that an appropriate sentence would be one in the middle of the guideline range. The United States believes that such a sentence would be sufficient but not greater than necessary after considering the § 3553 factors. The United States objects to any departure or variance from the correctly calculated sentencing guideline range.

        Respectfully submitted
        J. DOUGLAS OVERBEY
        United States Attorney

By: s/ *Andrew C. Parker*
        ANDREW C. PARKER
        Assistant U.S. Attorney
        FL Bar No.: 100949
        220 West Depot Street, Ste. 423
        Greeneville, TN 37743
        andrew.parker@usdoj.gov
        423-639-6759